# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Mine Temp, LLC,**
**Plaintiff Below, Petitioner**

**FILED**

**November 4, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 18-0755**  (Barbour County 10-C-23)

**Wells Fargo Insurance Services**
**of West Virginia, Inc.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mine Temp, LLC ("Mine Temp"), by counsel Timothy J. LaFon, appeals the July 26, 2018, order of the Circuit Court of Barbour County that granted the motion for summary judgment filed by Respondent Wells Fargo Insurance Services of West Virginia, Inc. ("Wells Fargo"), on Mine Temp's claim for negligent procurement of appropriate insurance. Wells Fargo, by counsel Gerard R. Stowers, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Pursuant to an independent contractor agreement that was entered into in 2007, Mine Temp provided apprentice miners to a coal mine operated by ICG/Wolf Run Mining ("Wolf Run"). The agreement, among other things, required Mine Temp to obtain commercial general liability ("CGL") insurance with a combined single limit of $1,000,000.00 and also required Mine Temp to indemnify, defend, and save harmless Wolf Run from claims resulting from or arising out of Mine Temp's performance of the work, as that term is defined in the agreement. The agreement, by its terms, expired on April 30, 2008.

Mine Temp contacted Respondent Wells Fargo for the purpose of obtaining insurance in order to satisfy the requirements of Mine Temp's agreement with Wolf Run. After Wells Fargo presented Mine Temp with quotes from three insurance companies, Mine Temp chose to purchase a CGL policy from Chubb Custom Insurance Company ("Chubb") commencing in 2006. The policy was renewed in 2007 and 2008, with the most recent policy in effect from March 22, 2007, to June 15, 2008. The CGL policy provided coverage for any "damages that the insured becomes legally obligated to pay by reason of liability: imposed by law; or assumed in an insured contract . . . ." Notably, the policy included two relevant exclusions. The first was an Employer's Liability

1

Exclusion that provided that "[t]his insurance does not apply to bodily injury to an employee of the insured arising out of and in the course of: 1. employment by the insured; or 2. performing duties related to the conduct of the insured's business. . . . *This exclusion does not apply to the liability for damages assumed by the insured in an insured contract.*" (Emphasis added). The second exclusion, an Employer's Liability, Total Exclusion, applied to the General Liability coverage in the policy and stated that "[t]he following exclusion is added to this policy and *replaces any similar exclusion contained therein.*" (Emphasis added).[1]

On May 30, 2008, a Mine Temp employee, Adam Lanham, was fatally injured when a Wolf Run employee backed over him with an end loader while Mr. Lanham was working at a mine owned and operated by Wolf Run. Mr. Lanham's estate filed a workers' compensation claim against Mine Temp. The estate also filed a civil action in the Circuit Court of Barbour County

---

[1] The Employer's Liability, Total Exclusion provided as follows:

A. With respect to all coverage(s) under this contract, this insurance does not apply to any damages, loss, cost, or expense arising out of any injury or damage sustained at any time by:

   1. Employee or temporary worker of any insured arising out of and in the course of:

      a. employment by any insured, or
      b. performing duties related to the conduct of any insured's business.

   . . . .

B. This Exclusion applies:

   1. regardless of the capacity in which any insured may be liable;
   2. to any insured against whom a claim or suit is brought, regardless of whether such claim or suit is brought by an employee or temporary worker of:

      a. such insured; or
      b. any other insured; and

   3. to any obligation to share any damages, loss, cost or expense with or to repay any person or organization who must pay damages, loss, cost or expense because of any of the foregoing.

"Employee" was defined in the CGL policy as including a "leased worker[,]" which, in turn, was defined, in part, as a "person leased to a party by a labor leasing firm, in a contract or agreement between such party and the labor leasing firm, to perform duties related to the conduct of the party's business."

2

against Mine Temp, alleging deliberate intent, and against Wolf Run and its foreman, John Jackson, alleging negligence.[2] In that action ("the *Lanham* action"), Wolf Run filed a cross-claim against Mine Temp based upon the indemnity provision in the independent contractor agreement between Wolf Run and Mine Temp.

Mine Temp reported the claims to its respective insurance carriers through Wells Fargo. While Mine Temp's workers' compensation carrier covered the workers' compensation claim, Chubb denied coverage for Wolf Run's cross-claim for indemnification against Mine Temp. In a letter dated March 25, 2009, Chubb advised Mine Temp that, based upon the policy's Employer's Liability, Total Exclusion, it would neither defend nor indemnify Mine Temp in the *Lanham* action. *See* n. 1.

Mine Temp thereafter filed the instant declaratory judgment action against Chubb and Wells Fargo alleging that it was entitled to coverage for all claims asserted against it in the *Lanham* action. Mine Temp also alleged that "Wells Fargo had a duty to act with reasonable care and prudence in obtaining the appropriate insurance for" Mine Temp and, "[i]n the event that coverage is not provided in said policy, then the Defendant Wells Fargo was negligent in its procurement of the appropriate insurance."

In the declaratory judgment action, Chubb filed a motion for summary judgment based upon the CGL's Employer's Liability, Total Exclusion. By order entered on May 23, 2011, the circuit court granted Chubb's motion for summary judgment concluding that the Employer's Liability, Total Exclusion excluded coverage for the claims of the Lanham estate. It does not appear that Mine Temp appealed this order.

Thereafter, in the *Lanham* action, the circuit court granted summary judgment in favor of Mine Temp as to Wolf Run's cross-claim for contractual indemnity. In its December 7, 2015, order, the circuit court found that the independent contractor agreement between Mine Temp and Wolf Run expired by its own terms on April 30, 2008, before the accident that caused the death of Adam Lanham, and that there was no evidence showing that the parties had a "meeting of the minds" to continue with the agreement after it expired. It does not appear that either Mine Temp or Wolf Run appealed this ruling.

In the present action, Wells Fargo filed a motion for summary judgment against Mine Temp alleging that, given that (1) the independent contractor agreement between Wolf Run and Mine Temp was found, in the *Lanham* action, to have expired prior to the accident that killed Adam Lanham and (2) any duty Mine Temp had to indemnify Wolf Run was extinguished by the expiration of that agreement, then any alleged negligent failure of Wells Fargo to place coverage for the indemnity contained in the expired agreement must also fail as a matter of law. Alternatively, Wells Fargo argued that (as an "agent" for Chubb in placing the coverage) it is immune from suit in tort or contract by the insured, Mine Temp, under existing West Virginia law. In its response to Wells Fargo's motion for summary judgment, Mine Temp argued that it had a special relationship with Wells Fargo under which Wells Fargo represented to Mine Temp that it

---

[2] *See Lanham, Adm'r, et al., v. Int'l Coal Group, Inc., et al*, Civil Action No. 09-C-1.

had procured the proper insurance required by the indemnity provision in Mine Temp's independent contractor agreement with Wolf Run.

By order entered on July 26, 2018, the circuit court granted Wells Fargo's motion for summary judgment. The court held, "as a matter of law, that since the [independent contractor] [a]greement expired before the date of the fatal accident, any claim for alleged negligence by Wells Fargo in the placement of the CGL policy fails as a matter of law, since the failure to place coverage for the 'insured contract' could not be the proximate cause of any loss suffered by the Plaintiff, Mine Temp." Further, the court found that "any claim for alleged negligence by Wells Fargo in the placement of the CGL policy [also] fails as a matter of law, since the claim for failure to place coverage for an expired 'insured contract' is moot as a matter of law."[3] Finally, to the extent Mine Temp argued that it had a special relationship with Wells Fargo such that Wells Fargo had a duty to advise Mine Temp that it was adequately insured for the risk flowing from the independent contractor agreement and the indemnity provision therein, the circuit court agreed with Wells Fargo that, under West Virginia law, licensed insurance agents, acting within the scope of their employment for the insurer, cannot be sued by an insured in either tort or contract. It is from this order that Mine Temp now appeals.

This Court reviews the circuit court's summary judgment order de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

---

[3] Confusingly, the circuit court's July 26, 2018, order states that the CGL policy provided coverage for "insured contracts" such as the indemnity provision in the independent contractor agreement between Mine Temp and Wolf Run and that the Employer's Liability Exclusion in the policy "excludes coverage for performing duties related to the conduct of the insured's business; however, the policy clearly states that this exclusion 'does not apply to the liability for damages assumed by the **insured** in an **insured contract**.' (Emphasis in original)." The circuit court fails to conclude, as it did previously in the May 23, 2011, order granting summary judgment in favor of Chubb, that the "Employer's Liability, Total Exclusion" in the policy, in fact, *excluded* coverage for the claims by the Lanham estate. *See* n. 1, *supra.* Indeed, Mine Temp's claim against Wells Fargo for negligent procurement stems from this exclusion of coverage.

Similarly, Wells Fargo represents on appeal, as it did below, that, but for the expiration of the independent contractor agreement and attendant indemnity provision, the CGL policy's "insured contract" exception would have applied and Wolf Run's indemnification cross-claim against Mine Temp in the *Lanham* action would have been covered. This argument is inconsistent with the circuit court's prior order that granted summary judgment in favor of Chubb.

*Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2. In other words,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.* at 190, 451 S.E.2d at 756, syl. pt. 4. Finally, we note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." *Id.* at 190, 451 S.E.2d at 756, syl. pt. 3.

On appeal, Mine Temp argues that the circuit court erred in concluding that West Virginia does not recognize a negligent procurement claim against an insurance agent in special circumstances. According to Mine Temp,

> an insurance agent may have a duty to advise an insured on its coverage needs if (1) a special relationship exists between the insured and the agent, (2) the agent holds itself out as a specialist in the particular field, or (3) the agent misrepresents the scope or nature of the insured's coverage.

*Hill, Peterson, Carper, Bee & Dietzler, P.L.L.C. v. XL Specialty Ins. Co.*, 261 F.Supp.2d 546, 548 (S.D.W.Va. 2003). As previously noted, Chubb denied coverage for the claims asserted by the Lanham estate based upon the "Employer's Liability, Total Exclusion" in the policy. Mine Temp argues that, in the affidavit it submitted with its response to Wells Fargo's motion for summary judgment, it established that it relied upon the special expertise, knowledge, and representations of Wells Fargo in procuring insurance and that Wells Fargo breached its duty to advise and was negligent in failing to place the appropriate coverage.

We find no error. We observe that "[m]any courts have recognized the general rule that 'absent special circumstances, an insurer or its agent has no duty to advise an insured as to the insured's insurance coverage needs.'" *Id.* (internal citation omitted). Despite Mine Temp's argument to the contrary, "this Court has never recognized an insurance agent's 'duty to advise' . . . nor the 'special relationship' exception that would trigger such a duty." *Aldridge v. Highland Insurance Co.*, No. 15-0658, 2016 WL 3369562, at *5 (W.Va. June 17, 2016) (memorandum decision).[4] *See Moundsville Water Bd. v. Shook, Inc. Heavy & Envtl. Div.*, 2010 WL 2571346, at *2 (N.D.W. Va. June 22, 2010) (stating that the "special relationship" exception has not "been expressly established under West Virginia Law").[5] Thus, it was not error for the circuit court to

---

[4] To the extent Mine Temp argues that Wells Fargo failed to submit with its motion for summary judgment any discovery or affidavit in support thereof, we note that the issue of whether a negligent procurement claim is recognized under West Virginia law is a question of law.

[5] In its brief, Mine Temp also states that "West Virginia recognizes that an insurance agent may be directly liable to an insured when the agent creates a reasonable expectation of insurance"

5

conclude that West Virginia does not recognize a duty to advise and the special relationship exception and, accordingly, Wells Fargo's motion for summary judgment on Mine Temp's claim of negligent procurement was properly granted.

Furthermore, regardless of whether a duty to advise exists, it is undisputed that the independent contractor agreement between Mine Temp and Wolf Run expired by its own terms *before* the accident giving rise to the contractual indemnification claim. As a result of the agreement's expiration, Mine Temp was not required to indemnify Wolf Run for the claims of the Lanham estate, and, further, the expired agreement was no longer an "insured contract" under the policy. This Court thus concludes that the circuit court did not err in determining that, as a matter of law, Mine Temp's claim that Wells Fargo was negligent in its procurement of insurance coverage for an expired "insured contract" is moot.[6]

---

and that a jury should have been permitted to determine the same. Mine Temp's argument on this issue is, under any standard, inadequate. While its brief cites to a singular case in support, Mine Temp makes no attempt to discuss this legal authority or to apply it to the facts before us. This Court has made clear that "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock,* 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996). Further, we have explained that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim[.] Judges are not like pigs, hunting for truffles buried in briefs." *State, Dept. of Health v. Robert Morris N.,* 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995). Finally, we caution that

> [a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 4, *State v. Myers,* 229 W. Va. 238, 728 S.E.2d 122 (2012) (internal quotations and citations omitted). As a result of Mine Temp's failure to adequately brief this issue, we decline to address it.

[6] Mine Temp argues that, even absent an "insured contract," it, nonetheless, had an "insurable interest in its company's assets and the preservation of [its] ongoing concern. It is this risk of liability towards this property that it was intended [sic] to be insured . . . through Wells Fargo. The 'insurable interest' is the property owned by Mine Temp which would be subject to risk if a lawsuit was successfully brought against it." Mine Temp fails to cite either to any legal authority or the appendix record in support of this argument. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, . . . and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal. Additionally, in an Administrative Order entered on December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, this Court specifically noted that "[b]riefs that

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 4, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, Mine Temp's argument is inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. Thus, we decline to address it as it was not properly developed on appeal.